<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VITO A. PRIORE,<br><br>   *Plaintiff*,<br><br>v.<br><br>CARAVAN INGREDIENTS INC., CSM BAKERY SUPPLIES NORTH AMERCIA, MICHAEL KRIZMAN, FRANK MALLEY, AL FARMER, ELWOOD LICHACK, RICHARD ROE, HENRY ADAMS,<br><br>   *Defendants*. | Civil No.: 13-5229 (KSH) (CLW)<br><br><br><br><u>**Opinion**</u> |

**Katharine S. Hayden, U.S.D.J.**

**I.   <u>Introduction</u>**

In a previous written opinion (D.E. 15, "Op."), this Court dismissed the lawsuit Vito A. Priore ("Priore") filed against his employer and his supervisors as well as another entity that may or may not be doing business as his employer. The Court granted leave for Priore to file an amended complaint, which he did in a timely manner. Defendants now move to dismiss the amended complaint relying on nearly identical grounds as those they advanced in seeking dismissal of the original one. As set forth below, the motion is granted.

**II.   <u>Background</u>**

Priore was born in Italy on October 20, 1945, and his first language is Italian. (D.E. 18, "Am. Compl.," Count 1, ¶¶ 1-2.) He immigrated to the United States in 1973 and has kept his Italian accent. (*Id.* ¶¶ 3-5.) He suffers from various medical conditions, which include a finger amputation, a right knee injury, and cardiovascular complications. (*Id.* ¶ 11.)

1

At some point during 2007, Priore began working for defendants Caravan Ingredients Inc. ("Caravan") and a business organization known as CSM Bakery Supplies North America ("CSM"), located in East Rutherford, New Jersey. (*Id.* ¶ 6.) Priore's direct supervisor was defendant Frank Malley ("Malley"). (*Id.* ¶ 7.) Defendants Michael Krizman ("Krizman"), Al Farmer ("Farmer"), and Elwood Lichack ("Lichack") also supervised him. (*Id.*) (Priore also names defendants "Richard Roe" and "Henry Adams" as supervisors, both of which are fictitious names (*Id.*)) Priore alleges that his supervisors "controlled hiring, firing, [and the] terms of [his] employment." (*Id.*) He also states that they could reassign him to different shifts with varying hours and pay and to other positions with significantly different responsibilities. (*Id.* ¶¶ 8, 10.) Beyond the supervisors' control over his employment, Priore contends that an employee handbook ("Handbook") issued by Caravan set the terms of his employment.[1] (*Id.* ¶ 9.) According to him, the Handbook created an "implied contract of employment." (*Id.*)

Priore implies that defendants knew about his age, nationality, ethnic background, and disabilities. (*See id.* ¶¶ 4, 11.) From about 2009 until his termination on August 8, 2011, Priore contends that defendants discriminated against him "on the basis of age, nationality, ethnic background and medical condition." (*Id.* ¶¶ 18-19.) He asserts that defendants harassed and wrongfully terminated him in violation of several public policies, which he lists as the United States and New Jersey Constitutions, the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII"), and the New Jersey Law Against Discrimination ("NJLAD"). (*Id.* ¶¶ 17-18.) Priore also claims that defendants breached his express or implied employment contract and the implied covenant of good faith and fair dealing. (Am. Compl., Count 2, ¶ 2.)

---

[1] Defendants acknowledge that the Handbook, which is attached to Priore's opposition brief, "should be considered part of the pleadings for purposes of the Motion to Dismiss" inasmuch as Priore's reliance on it in his amended complaint means that it is incorporated by reference. (D.E. 19-1, "Defs.' Br." at 11 n.3.)

Priore's complaint details actions committed by defendants that he labels as arbitrary and capricious. (Am. Compl., Count 1, ¶ 13.) He claims that Malley frequently lost his temper, yelled, and cursed. (*Id.*) Priore also alleges that his supervisors altered his work schedule in order to afford him little opportunity to sleep. (*Id.*) He further contends that he "was told that if he did not like the worsening of his working conditions the door was open[]," and he states that Malley, along with Farmer, asked on several occasions when he intended on retiring. (*Id.*) According to Priore, in order to avoid any further harassment from defendants, he worked consecutive shifts without a break. (*Id.*) Last, he claims that defendants placed him under surveillance. (*Id.*)

On July 25, 2013, Priore filed a three-count complaint in New Jersey state court, and around August 5, 2013, he served Caravan, CSM, Lichack, and Malley. (D.E. 1, "Notice of Removal," ¶ 2.) On August 30, 2013, defendants removed the action to this Court, claiming that it had federal question jurisdiction over count 1 because of Priore's reliance on federal law. (*Id.* ¶ 11.) They also invoked this Court's supplemental jurisdiction over counts 2 and 3. (*Id.* ¶ 14.) Once in federal court, Priore could not prove he served Krizman and Farmer with the complaint, and as such, the Court dismissed them from the action.[2] [D.E. 14.]

Soon afterwards, defendants filed a motion to dismiss Priore's complaint pursuant to Fed. R. Civ. P. 12(b)(6). [D.E. 3.] In granting the motion, D.E. 16, this Court held that "Priore's failure to state a claim depends on a lack of clarity in setting out the specific causes of action he asserts and on the dearth of factual allegations in the complaint." (Op. at 12.) The Court could not determine if Priore could cure those deficiencies by amendment and granted him 21 days to file an amended complaint. (*Id.*)

---

[2] As such, when referring to defendants, the term only includes Caravan, CSM, Malley, and Lichack.

Priore's amended complaint sets forth three counts largely rephrasing, if not identical to, his original allegations. In the first count, he asserts that defendants' termination of his employment violated public policy and enumerates those public policies as including the United States and New Jersey Constitutions, the ADA, Title VII, and the NJLAD. (Am. Compl., Count 1, ¶ 17.) In count 2, Priore contends, as he did in the original count 2, that his termination constituted a breach of contract, both express and implied, and a breach of the implied covenant of good faith and fair dealing. (Am. Compl., Count 2, ¶ 2.) Further, although not a cause of action, Priore's third count is again cast as a demand for punitive damages. (Am. Compl., Count 3, ¶ 10.)

Defendants now argue that Priore's amended complaint contains the same deficiencies as the first. (Defs.' Br. at 1.) Once again, they aver that in count 1 Priore has not alleged facts sufficient to sustain a *Pierce*,[3] or state common law wrongful discharge claim. (*Id.* at 3-7.) They further contend that Priore failed to prove his count 2 breach of contract claim because he neglected to identify any "policies" or "promises" that set the terms and conditions of his employment. (*Id.* at 7-9.) They also point out that the Handbook defines Priore's employment as at will and disclaims the existence of any employment contract. (*Id.* at 11-12.) Further, defendants argue that, because Priore does not set out facts showing that there was an employment contract, his cause of action asserting a breach of the implied covenant of good faith and fair dealing fails as well. (*Id.* at 12-13.) Last, defendants note that count 3 is a request for punitive damages and seek its dismissal because it is not a cause of action and because Priore has not raised valid claims. (*Id.* at 13.)

In his opposition, Priore contends that defendants are forum shopping by removing his lawsuit to federal court, claiming they are trying to take advantage of the standard for reviewing a

---

[3] *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58 (1980).

motion to dismiss enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and that such a strategy is "disingenuous and unconstitutional." (D.E. 20, "Pl.'s Br." at 6-7.) Turning to count 1, Priore contends that he "set forth a *prima facie* case of employment discrimination" and, thus, defendants' motion to dismiss is without merit. (*Id.* at 3-4.) Having "set forth a *prima facie* case," he argues that he created a rebuttable presumption that his termination violated public policy. (*Id.* at 5.)

As to count 2, Priore argues that the Handbook -- which he deems an employment contract -- contains terms that "constitute provisions of adhesion." (*Id.* at 7.) As such, he argues that this Court "has the power to strike the adhesive provisions . . . especially since the contract should be construed in the light favorable to the party with lesser bargaining power who had not drafted the contract." (*Id.* at 7-8.) Therefore, Priore demands that the Court strike the at-will employment term because it is unfavorable to his claims. (*Id.*)

In reply, defendants argue that Priore's complaint offers only conclusory statements that do not support his legal claims. (D.E. 21, "Defs.' Reply Br." at 1-7.) They also contend that Priore abandoned his claim for punitive damages by not addressing their dismissal arguments in his opposition brief. (*Id.* at 7.)

**III.  Discussion**

    **A.  Standard of Review**

In order for a complaint to survive dismissal under Fed. R. Civ. P. 12(b)(6), it must put forth sufficient facts to show "that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. However, a complaint containing only "conclusory or 'bare bones' allegations will [not] survive a motion to dismiss." *Fowler*, 578 F.3d at 210.

In reviewing a motion to dismiss, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions." *Id.* at 210-11.  However, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Id.* at 211.

### B. Federal Claims

Priore recounts the same "factual" allegations regarding defendants' wrongful conduct that he put forth in count 1 of his original complaint:

> 17.     The defendants jointly, severally or in the alternative breached their duties to Vito A. Priore under the Constitution of the United States, the Constitution of New Jersey, the Americans with Disabilities Act, the Federal Civil Rights Act also known as Title VII, and the New Jersey Law Against Discrimination also known as the LAD, N.J.S.A. 10-5-1 *et seq.* with regard to the rights of Vito A. Priore under these constitutional precepts and Federal and State laws and administrative regulations and case law developed thereunder.
>
> 18.     During the time period from approximately 2009 until and including August 8, 2011 the defendants did jointly, severally and concurrently violate and interfere with Vito A. Priore's right to earn a livelihood and in bad faith harassed Vito A. Priore and discriminated against Vito A. Priore and their actions were arbitrary and capricious and constituted harassment, and intentional and negligent infliction of emotional distress and they did wrongfully terminate plaintiff, Vito A. Priore, on or about August 8, 2011 in bad faith in violation of all of the constitutional precepts, laws, regulations and public policies as set forth above causing economic harm, economic wrong, economic damage, pain and suffering, psychic injury, psychic trauma, intentional and negligent and the corporate defendant, Caravan, bears the onus for negligent failure to correct the wrongful conduct of the individual defendants and of its management in harassment that was ongoing towards Vito A. Priore.

(Am. Compl., Count 1, ¶¶ 17, 18.)  Priore, as he did in the original complaint, indicates that defendants were aware of his age, national origin, ethnic background, and disabilities (*see id.* at ¶¶ 4, 11), and now gives some factual information about how and when defendants "violate[d] and interfere[d] with [his] right to earn a livelihood."  He contends that defendants yelled and cursed at him, arbitrarily changed his work schedule, asked when he planned on retiring, placed him under

6

surveillance, and told him that he could leave if he found the working conditions unsuitable. (*Id.* ¶ 13.) Notwithstanding the additional factual material, the Court concludes the federal claims all lack a sufficient legal or factual basis to survive a motion to dismiss.

Priore's first federal cause of action alleges that defendants' conduct contravened the United States Constitution by depriving him of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Pl.'s Br. at 6.) "[C]itizens injured by an abridgement of those rights" may bring a cause of action under 42 U.S.C. § 1983. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 611 (2008). To state a claim under § 1983, the plaintiff must show: 1.) that the defendant acted under the color of state law"; and 2.) that the conduct "deprive[d] the plaintiff of a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Priore's claim fails on the first element. Nothing in the amended complaint permits the court to "reasonably infer" that defendants acted in a governmental capacity. All of the factual allegations tend to show that defendants only functioned privately. Further, Priore's claimed deprivation is that defendants interfered with his "right to earn a livelihood." (Am. Compl., Count 1, ¶18.) The complaint does not show that Priore had a property interest in that particular job such that his termination deprived him of his rights under the United States Constitution. Even if defendants acted under the color of state law, Priore's interest in his job would only rise to the level of property right if "mutually explicit understandings . . . support[ed] his claim to entitlement" not just his "[u]nilateral expectations . . . ." *Latessa v. N.J. Racing Comm'n*, 113 F.3d 1313, 1324 (3d Cir. 1997). Therefore, Priore's claims brought under the United States Constitution and § 1983 are dismissed.

Priore's claims that defendants harassed and terminated him because of his national origin and disabilities, suggesting a basis for claims under the ADA and Title VII. 42 U.S.C. §§ 2000e-

7

2(a), 12112(a).  But even drawing from the complaint all reasonable inferences in Priore's favor, it still fails to allege a plausible claim for relief under either act.  Nowhere does Priore assert facts that would permit the inference that defendants harassed and eventually fired him because of his national origin or disability.  It is basic law that the ADA and Title VII require some factual basis showing that defendants' actions were "motivated by [his] known disability," *Erdman v. Nationwide Ins., Co.*, 582 F.3d 500, 510 (3d Cir. 2009), or that "national origin was a motivating factor." *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008).  Instead, while Priore has "beefed up" the complaint with some examples of rude and objectionable conduct, he fails to link it to an improper motive under the federal statutes, and the amended complaint suffers from the type of "conclusory" and "bare bones" allegations that will not survive a motion to dismiss.

Priore's ADA claim is also deficient because on the facts alleged he would not qualify as disabled under the ADA.  Priore sets out no facts showing 1.) that his various ailments and conditions -- his finger amputation, knee injury, and cardiovascular conditions -- substantially limit his major life activities, 2.) a record of those impairments, or 3.) that others regarded him as having those impairments.  *See Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 762 (3d Cir. 2004) (defining what qualifies as a disability under the ADA).  Priore's only alleged limitation on his activities is that "stress on the job" irritated his cardiac conditions.  (Am. Compl., Count 1, ¶ 12.)  This assertion is so vague that, without more, Priore's statement characterizing himself as disabled is the type of legal conclusion that must be disregarded by the Court on a motion to dismiss.

Priore reflects in Count 1, ¶ 11 of the amended complaint that he made a request for short-term disability in 2013, which he contends is factually sufficient to qualify him as disabled.  But he was terminated in 2011, so an application in 2013 has little bearing on whether Priore was

disabled before his termination in the absence of a factual basis for linking the application to his medical conditions when defendants employed him. Moreover, nothing in the complaint indicates that anyone, or even Priore himself, considered him impaired by his conditions while he was working for defendants. His assertion that he is disabled is entirely conclusory and insufficient to state a claim under the ADA.

In addition, the complaint omits facts showing Caravan or CSM would face liability under the ADA and Title VII. Both statutes define an employer as an entity that has at least 15 employees for 20 or more weeks in the current or preceding year. 42 U.S.C. §§ 2000e(b), 12111(5)(A). Asserting an entity satisfies the 15-employee threshold is essential to stating a plausible claim for relief. *See Arbaugh v. Y&H Corp.*¸ 546 U.S. 500, 516 (2006) (holding that Title VII's employee numerosity requirement is part of the plaintiff's substantive cause of action). From the complaint, one could infer that at most Caravan and CSM had seven employees if the two fictitiously named defendants are included: Priore, Krizman, Farmer, Lichack, "Richard Roe," and "Henry Adams."

Priore also alleges, again summarily, that defendants discriminatorily harassed and terminated him because of his age, which would violate the Age Discrimination in Employment Act ("ADEA"). *See* 29 U.S.C. § 623; *see also Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110 (3d Cir. 2014) (holding that the ADEA is the exclusive remedy for age discrimination claims in employment). Priore, however, neglected to bring a cause of action under the ADEA, but that is of no consequence because of the conclusory nature of his allegations and absence of facts suggesting that age was a factor in the termination. In conclusion, defendants' motion to dismiss Priore's federal claims is granted.

  C. **State Law Claims**

In count 1, Priore alleges that defendants discriminated against him in violation of the New Jersey Constitution and NJLAD. (Am. Compl., Count 1, ¶ 17.) He further brings a state common law wrongful discharge claim. (*See id.* at ¶ 18.) In count 2, Priore asserts state law claims of breach of contract and breach of the implied covenant of good faith and fair dealing. (Am. Compl., Count 2, ¶ 2.) Having examined and dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over any of the state law claims. *See* 28 U.S.C. § 1367(c)(3). They are dismissed.

### D. Count 3

Priore seeks punitive damages in count 3. (Am. Compl, Count 3, ¶ 3.) Even assuming a demand for punitive damages constitutes a count, as defendants note Priore's opposition to the motion to dismiss is devoid of any reference to count 3, indicating that he abandoned this claim. More to the point, the substantive counts have been dismissed, and so Priore's demand for punitive damages is likewise dismissed.

### E. Leave to Amend

In his brief, Priore requests that, should the Court dismiss his amended complaint, it do so without prejudice and grant him 30 days to file a second amended complaint. (Pl's Br. at 2-3.) The Court has already provided him with an opportunity to correct the deficiencies in his original complaint, and in most respects, the amended complaint mirrored the original. Offering Priore another opportunity to amend in the face of all the deficiencies noted above amounts to a waste of judicial resources and is unlikely to result in a legally sufficient complaint.

**IV. Conclusion**

  For the foregoing reasons, the motion to dismiss is granted.


                 /s/ Katharine S. Hayden_____
Dated:                 Katharine S. Hayden, U.S.D.J.

11